UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HUGHES, | No. 2:16-cv-01246-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Charles Hughes seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally argues that the decision of the administrative law judge ("ALJ") is based upon legal error and is not supported by substantial evidence in the record. (See ECF Nos. 19, 19-1.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 20.)

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15).

summary judgment, and AFFIRMS the Commissioner's final decision.

I.  BACKGROUND

Plaintiff was born on October 28, 1959, and has completed high school.[2] (Administrative Transcript ("AT") 36, 192.) On August 9, 2012, plaintiff applied for DIB, alleging that his disability began on June 15, 2011. (AT 192.) The alleged onset date was later amended to March 12, 2012. (AT 31.) Plaintiff claimed that he was disabled due to: migraine headaches; sleep apnea; restless leg syndrome; poor memory, concentration and focus; chronic fatigue; a deviated septum; depression and anxiety; seizures; insomnia; and hallucinations. (AT 208.) After plaintiff's application was denied initially and on reconsideration, Administrative Law Judge ("ALJ") Carol Eckersen conducted a hearing on August 28, 2014. (AT 27–67.) At the hearing, plaintiff was represented by counsel, Gail Stassinos. (Id.) The ALJ took testimony from both plaintiff and Lisa Suhonos, a vocational expert ("VE").

The ALJ subsequently issued a decision dated November 5, 2014, determining that plaintiff had not been under a disability as defined in the Act, from March 12, 2012, through the date of the ALJ's decision. (AT 12–22.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 4, 2016. (AT 1–3.) Plaintiff subsequently filed this action on June 6, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.  ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly discounted plaintiff's credibility; (2) whether the ALJ's RFC determination was without substantial evidence support; and (3) whether the ALJ failed to develop the record as to plaintiff's ability to perform past relevant work.[3]

////

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Plaintiff's opening brief raises the issues in a somewhat different order.

2

1  III.     LEGAL STANDARD

2       The court reviews the Commissioner's decision to determine whether (1) it is based on
3  proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record
4  as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial
5  evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340
6  F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable
7  mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th
8  Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is
9  responsible for determining credibility, resolving conflicts in medical testimony, and resolving
10 ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The
11 court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational
12 interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

13      "[A] reviewing court, in dealing with a determination or judgment which an
14 administrative agency alone is authorized to make, must judge the propriety of such action solely
15 by the grounds invoked by the agency." Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194,
16 196 (1947). At the same time, in the context of Social Security appeals, "[a]s a reviewing court,
17 we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's
18 opinion. It is proper for us to read the . . . opinion, and draw inferences . . . if those inferences are
19 there to be drawn." Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989).

20 IV.     DISCUSSION

21      A.     Summary of the ALJ's Findings

22      The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard
23 five-step analytical framework.[4] Preliminarily, the ALJ determined that plaintiff met the insured

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-

status requirements of the Act through December 31, 2016. (AT 14.) At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since March 12, 2012, the amended alleged onset date. (Id.) At step two, the ALJ found that plaintiff has the following severe impairments: cervical degenerative disc diseases, seizure disorder, and migraine headaches. (Id.) However, at step three the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 17.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC, concluding that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant cannot climb ladders, ropes or scaffolds. He must avoid moderate exposure to workplace hazards.

(AT 17.) At step four, in reliance on the testimony of the VE, the ALJ determined that plaintiff is capable of performing past relevant work as a cashier supervisor because such work does not require the performance of work-related activates precluded by his RFC. (AT 21.) Thus, the ALJ

---

42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

concluded that plaintiff had not been under a disability, as defined in the Act, from March 12, 2012, through November 5, 2014. (AT 22.)

      B.      <u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

           1.      *Whether the ALJ improperly discounted plaintiff's credibility*

In <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit Court of Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. . . .

<u>Lingenfelter</u>, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking. . . ." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." <u>Valentine v. Comm'r of Soc. Sec. Admin.</u>, 574 F.3d 685, 693 (9th Cir. 2009) (quoting <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains.'" <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958–59 (9th Cir. 2002) (modification in original) (quoting <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the

court "may not engage in second-guessing." Id. at 959.

As an initial matter, the court notes that the ALJ did not entirely discredit plaintiff's allegations. Indeed, the ALJ limited plaintiff to medium work with no climbing of ladders, ropes, or scaffolds, and avoidance of moderate exposure to workplace hazards. (AT 17.) Nevertheless, to the extent that the ALJ discounted plaintiff's testimony regarding his symptoms and functional limitations, the ALJ provided several specific, clear, and convincing reasons for doing so. While plaintiff would have weighed the evidence differently, that is not a reason to disturb the ALJ's findings, which are supported by substantial evidence.

### i. **Objective medical evidence**

"[A]fter a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citing Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)). Although lack of medical evidence cannot form the sole basis for discounting plaintiff's subjective symptom testimony, it is nevertheless a relevant factor for the ALJ to consider. Burch, 400 F.3d at 681.

Here the ALJ observed,

> The claimant alleges that he is unable to work due to his disabilities. . . . The objective findings contained in the record, however, do not fully support his statements. While the claimant's cervical spine x-ray revealed degenerative changes, the claimant's physical examinations have been normal. The claimant's medical providers have consistently reported that the claimant has a normal gait, strength 5/5, and normal muscle tone [AT 267–77, 281]. During the consultative physical examination, the claimant demonstrated no guarding with moving about the examination room, no difficulty walking down the hall to the examination room, no difficulty sitting during the history, and no difficulty getting onto the examination table. He also demonstrated no difficulty removing his socks and shoes and no difficulty squatting and rising. His range of motion was normal in all of his extremities, he displayed good strength and good reflexes, and his sensation was intact [AT 528–32].

(AT 18.)

The ALJ's conclusions are reasonable and supported by substantial evidence in the record. (See, e.g., AT 276–77, 281, 528–32.) For example, as the Commissioner observed, "[p]hysical examinations [in the record] consistently showed that Plaintiff had no physical or neurological

6

defects arising from his migraines or seizure impairment." (ECF No. 20 at 15–16; see AT 277, 281, 284, 288, 302, 311, 321, 328, 334, 347, 358, 362, 365, 368, 372, 377, 379, 382, 384, 542.)

ii. **Conditions present during gainful employment**

The ALJ observed that "[t]he record indicates that the claimant's seizures and migraine headaches were present at the time that he was still working at substantial gainful activity levels at approximately the same level of severity prior to the amended alleged onset date [AT 276–354, 526–27]. The fact that the impairments did not prevent the claimant from working at that time strongly suggests that it would not currently prevent work." (AT 18–19.)

This conclusion is supported by substantial evidence in the record. (See AT 276–354, 526–27.) For example, during a consultative examination on December 9, 2012, plaintiff reported that migraine headaches have "troubled him for the last 20 years. . . . [but] can mostly be controlled with medications." (AT 526.) Additionally, plaintiff's first seizure was in 2009, nearly three years before the alleged onset date of disability. (AT 527.)

The ALJ reasonably concluded that the prolonged nature of these impairments coupled with plaintiff's ability to work for years despite them, calls into question the credibility of plaintiff's allegations that he is unable to work due to these impairments.

iii. **Daily activities**

"While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. . . . Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112–13 (citations and quotation marks omitted); see also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly considered claimant's ability to care for her own needs, cook, clean, shop, interact with her nephew and boyfriend, and manage her finances and those of her nephew in the credibility analysis); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ's determination regarding claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his friend's child" was a specific finding sufficient to

7

discredit the claimant's credibility).

Substantial evidence supports the ALJ's finding that plaintiff's daily activities are inconsistent with his allegations of disabling symptoms and limitations. As the ALJ observed, "the claimant's reported activities of daily living include taking care of his personal hygiene, cooking, cleaning, vacuuming, doing dishes and laundry, taking his dog for walks, watching television, reading, and going grocery shopping." (AT 19, 52–55, 527.)

To be sure, the record also contains some contrary evidence—such as plaintiff sometimes needing reminders to take care of his personal hygiene; not being able to get on his knees to clean his bathroom; and sometimes relying on others to take him grocery shopping—suggesting that plaintiff's activities are more limited. (AT 52–55.) However, it is the function of the ALJ to resolve any ambiguities, and the court finds the ALJ's assessment to be reasonable and supported by substantial evidence. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (affirming ALJ's credibility determination even where the claimant's testimony was somewhat equivocal about how regularly she was able to keep up with all of the activities and noting that the ALJ's interpretation "may not be the only reasonable one"). As the Ninth Circuit explained:

> It may well be that a different judge, evaluating the same evidence, would have found [the claimant's] allegations of disabling pain credible. But, as we reiterate in nearly every case where we are called upon to review a denial of benefits, we are not triers of fact. Credibility determinations are the province of the ALJ. . . . Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.

Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

### iv. **Condition can be controlled with medication**

A condition that can be controlled or corrected by medication is not disabling for purposes of determining eligibility for benefits under the Act. See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006); Montijo v. Sec'y of Health & Human Servs., 729 F.2d 599, 600 (9th Cir. 1984); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983).

The ALJ pointed out that "the claimant's medical records indicate that his seizures and migraine headaches are relatively stable and in control with medication." (AT 19.) This is

supported by substantial evidence in the medical record.  (See AT 276–84, 301–02, 532, 541–43.)

Additionally, the ALJ observed that "[w]hile the claimant alleges that his medications give him insomnia, he reports that he has always had difficulty with sleeping, which indicates that the side effects are likely mild."  (AT 19.)  This conclusion is supported by plaintiff's own statements to Randall A. Ow, M.D. that "he has always snored and had difficulty sleeping."  (AT 411.)  Yet, plaintiff alleges that this was an improper consideration because the ALJ had no basis to conclude that the side effects causing insomnia are likely mild.  (ECF No. 19-1 at 15.)

While plaintiff does not agree with the ALJ's weighing of the evidence here, it is reasonable to conclude that if plaintiff has always had difficulty sleeping then any current insomnia is not solely caused by his medications.  Thus, the ALJ reasonably concluded—as one reason among many—that plaintiff's apparent overstatement of his medication side effects is grounds to undermine his credibility.

### v. Failure to seek or consistently seek treatment

Failure to seek consistent treatment is a proper consideration when evaluating credibility. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).  "We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. . . . Moreover, a claimant's failure to assert a good reason for not seeking treatment, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony." Molina, 674 F.3d at 1113-14 (citation and quotation marks omitted).  However, failure to obtain treatment due to lack of insurance or funding cannot support an adverse credibility finding.  Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007); see also SSR 96-7p, at *7–8.

Here, the ALJ observed that

> despite the complaints of allegedly disabling symptoms, the record indicates that there have been significant periods of time since the amended alleged onset date during which the claimant was not being treated for his symptoms. The significant gaps in treatment raise doubts as to the severity of the claimant's impairments.

(AT 19.)

////

9

This conclusion is supported by substantial evidence. The record demonstrates that plaintiff was last treated for migraines on December 4, 2012. (AT 541.) At the same time, the record also indicates that plaintiff stopped receiving Botox injections for his migraines in May of 2012 due to a lack of insurance. (Id.) However, the record further indicates that plaintiff applied for and began receiving Medi-Cal by at least July of 2012. (See AT 49, 281.)

Therefore, the ALJ reasonably concluded that plaintiff's failure to receive additional treatment, when he was insured, undermines plaintiff's allegations of disabling impairment.

### vi. **Improper reasons with other proper reasons for discounting credibility**

Even assuming that the ALJ erred when discounting plaintiff's testimony based on (1) the ALJ's characterization of plaintiff's medication side effects and (2) gaps in plaintiff's treatment that are actually excusable, any error is harmless because the ALJ provided several other valid reasons for only partially crediting plaintiff's testimony. See Molina, 674 F.3d at 1115 (harmless error when ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record).

### 2. *Whether the ALJ's RFC determination was without substantial evidence support*

An RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 404.1545(a)(1). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545). The ALJ's RFC determination need not precisely reflect any particular medical provider's assessment. See Turner v. Comm'r Soc. Sec. Admin., 613 F.3d 1217, 1222–23 (9th Cir. 2010) (the ALJ properly incorporated physician's observations in the RFC determination while, at the same time, rejecting the implication that plaintiff was unable to "perform simple, repetitive tasks in an environment without public contact or background activity").

////

Importantly, when "interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted). "[T]he ALJ is not required to discuss evidence that is neither significant nor probative." Id.

Preliminarily, plaintiff does not challenge the ALJ's weighing of the medical opinion evidence. This omission is noteworthy because the ALJ's RFC determination was crafted, in large part, based upon the opinions of State agency consultants R. Lockmiller, M.D. and C. Eskander, M.D., which the ALJ gave great weight, and the opinion of consultative examiner, Janet O'Brien, M.D., a portion of which the ALJ gave great weight. (See AT 17, 19–20, 77–79, 89.)

Rather, plaintiff argues that the ALJ's RFC is in error because the "ALJ failed to consider the combination of [plaintiff's] impairments, both exertional and non[-]exertional and severe and non-severe." (ECF No. 19-1 at 8–9.) Specifically, plaintiff asserts that the ALJ failed to consider "the combination of [plaintiff's] sleep apnea, restless leg[] syndrome, and migraines" as well as the side effects of plaintiff's medications. (Id. at 9–11.) This argument is unpersuasive.

When crafting the RFC, the ALJ explicitly indicated that she considered "all symptoms." (AT 17). The ALJ was not required to discuss every piece of evidence that she considered. See Howard ex rel. Wolff, 341 F.3d at 1012. At the same time, however, the ALJ did discuss plaintiff's sleep apnea and restless leg syndrome in detail when she determined that these conditions were non-severe. (See AT 14–15.) The ALJ was not required to explicitly reincorporate that analysis when she discussed plaintiff's RFC to demonstrate that she considered the effect of those conditions. What is more, in the RFC section of her decision, the ALJ did discuss plaintiff's migraines and his alleged medication side effects. (See AT 17–20.)

Therefore, the RFC determination, which the ALJ reached after appropriate consideration of the entire record, is based upon substantial evidence in the record—namely the ALJ's unchallenged weighing of the medical opinion evidence and her negative credibility finding.

////

////

3. *Whether the ALJ failed to develop the record as to plaintiff's ability to perform past relevant work.*

It is well established that a claimant bears the burden of providing medical and other evidence that support the existence of a medically determinable impairment. Bowen v. Yuckert, 482 U.S. 137, 146 (1987); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Indeed, it is "not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." Yuckert, 482 U.S. at 146 n.5.

Nevertheless, as the Ninth Circuit Court of Appeals has also explained in a social security case, "[t]he ALJ always has a 'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel.'" Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (citing Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). And, "[w]hen the claimant is unrepresented . . . the ALJ must be especially diligent in exploring for all the relevant facts." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Id. However, as some courts have persuasively observed, the ALJ "does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment." Hawkins v. Chater, 113 F.3d 1162, 1168 (10th Cir. 1997) (citation omitted).

At step four, the ALJ has a duty to make factual findings to support her conclusion. Pinto v. Massanari, 249 F.3d 840, 844–45 (9th Cir. 2001) (citing SSR 82–62; 20 C.F.R. §§ 404.1571, 416.971, 404.1574, 416.974, 404.1565, 416.965). This burden is met by comparing the claimant's RFC to the physical and mental demands of his past relevant work. Id. (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)).

If the claimant is able to perform "[t]he actual functional demands and job duties of a particular past relevant job; or . . . [t]he functional demands and job duties of the occupation as

generally required by employers throughout the national economy" then he is not disabled. Id. at 845 (citing SSR 82–61). "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Id.

However, the Ninth Circuit has "never required explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations." Id.

Plaintiff argues that the ALJ erred at step four because she failed to develop the record further regarding how plaintiff actually performed his past relevant work. (See ECF No, 19-1 at 11–13.) Plaintiff's argument is wholly unavailing.

As explained, at step four, the ALJ need only determine that plaintiff can perform past relevant work as actually performed or as generally performed. Pinto, 249 F.3d at 845. Here, the ALJ concluded that "claimant is able to perform the job as a cashier supervisor as generally performed." (AT 21 (emphasis added).) This conclusion is supported by substantial evidence in the record because it is based on the VE's testimony that a hypothetical person with the same RFC, age, education, and work history as plaintiff could perform the job of cashier supervisor as generally performed. (AT 64.)

Therefore, even assuming that the ALJ erred in failing to develop the record regarding how plaintiff's past work as a cashier supervisor was actually performed, such error is harmless because the ALJ's relied on how the job is generally performed, based upon the testimony of a vocational expert. See Molina, 674 F.3d at 1115; Pinto, 249 F.3d at 845.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered

for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: September 17, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE